**BANK UNITED OF TEXAS FSB, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 95–473C.

United States Court of Federal Claims.

July 2, 1999.

*ORDER*

SMITH, Chief Judge.

On March 19, 1999, the court issued an opinion and order in this case. Defendant has filed a motion to clarify or modify the court's order. As has become common in *Winstar*-related cases, this motion has generated briefing beyond what is anticipated under the court's rules: plaintiffs filed an unopposed motion for leave to file a sur-reply in opposition to defendant's motion, and defendant filed an unopposed motion for leave to file a sur-rebuttal in support of its motion. The court grants both motions for leave, the Clerk is directed to file plaintiffs' sur-reply and defendant's sur-rebuttal briefs this date, and the court has considered both in resolving the pending motion.

Defendant makes two principal objections which, depending upon the court's understanding of the March 19, 1999 opinion, makes it either a request for a clarification or a request for a modification. In determining that the capital forbearance constituted a contractual promise which was breached by FIRREA and its implementing regulations, the court commented on the purpose of the forbearance and its scope, and rejected defendant's interpretation of the scope of that forbearance. If the court's statements about the scope of the forbearance were intended only as observations, based on the court's review of an incomplete record, then defendant wishes the court to clarify that such scope issues have not been resolved and are, properly, to be considered by the Trial Judge as part of the damages phase of the litigation. If, however, the court's statements were meant to resolve the scope of the forbearance, then defendant believes that the court should reconsider that holding, and modify the opinion accordingly.

The court believes neither a clarification nor a modification as requested by defendant is required. The capital forbearance at issue is unambiguous on its face, and the court need not resort to extrinsic evidence outside the language of the forbearance letter itself to come to that conclusion. Bank United was entitled to enforce the promise contained in the forbearance letter, which permitted it to meet modified capital requirements in lieu of regulatory capital requirements, for a period of ten years.

As a policy matter, the fact that the capital forbearance operated to give Bank United a ten-year forbearance from the regulatory capital requirements may not have been ideal. The court, however, is not making a policy judgment; it is interpreting the plain language of a contract. Indeed, defendant's proffered contract interpretation, on pp. 8–9 of its reply brief, may make more regulatory sense, and if the court were a regulator it may well have strived to draft the forbearance letter as defendant now wishes it to read. It is not, however, what the actual forbearance letter paragraph says, and since the letter does not raise any ambiguities that require the court to go beyond its four corners, the court will not do so.

The court notes briefly that, to the extent the court referenced extrinsic evidence, specifically the 1989 OTS Report of Examination, it was only to show that the regulators attached the same meaning to the forbearance, a meaning dictated by the words of the forbearance letter. The plain language of the forbearance, however, is clear without reference to the OTS Report.

Accordingly, defendant's motion to clarify or modify the court's order and opinion dated March 19, 1999 is denied. The court reaffirms its holding in that opinion that, pursuant to the terms of the forbearance letter, Bank United was entitled to operate at the modified capital levels set forth in the letter, for a period of ten years, and that the government breached its agreement with plain-

tiffs when it set the new FIRREA-based capital requirements.